986 F.2d 1422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
OHIO HOSPITAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant-Appellee.
 Nos. 92-3502, 92-3503.
 United States Court of Appeals, Sixth Circuit.
 Feb. 23, 1993.
 
 Before RYAN and SILER, Circuit Judges, and LIVELY, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff, Ohio Hospital Insurance Company, appeals from the district court's grant of summary judgment in favor of defendant, St. Paul Fire and Marine Insurance Company. OHIC filed suit seeking reimbursement of money paid in settlement of a negligence action against a hospital that was insured by both OHIC and St. Paul during different periods.
 
 
 2
 OHIC suggests a number of different bases on which to challenge the district court's judgment. Finding each of its assignments of error to be lacking in merit, we shall affirm.
 
 I.
 
 3
 This case arose out of a medical malpractice and negligence action against, among others, Richmond Heights General Hospital. The Hospital had hired a doctor who allegedly engaged in negligent conduct spanning an extended period of time. Both companies insured the Hospital for part of that period.
 
 
 4
 As the underlying malpractice action approached trial, OHIC proposed that the case be settled for $900,000, with the negligent doctor paying $400,000 and the two insurers splitting the remainder, for $250,000 each. The settlement would have also reserved the insurers' rights to later litigate their respective settlement contributions. St. Paul refused OHIC's suggestion, feeling that it was responsible for less than half of the total Hospital liability.
 
 
 5
 OHIC then proceeded to settle the case sans cooperation from St. Paul, and obtained a covenant not to sue from the plaintiff in exchange for $200,000. After it settled, OHIC filed an admission of the Hospital's liability in the medical malpractice action. St. Paul was not informed of, and did not authorize, this admission. The negligent physician next settled, for $525,000. St. Paul then settled for $175,000, of which the Hospital paid $100,000 as a deductible. In other words, St. Paul settled for $75,000 less than OHIC had originally proposed, and OHIC settled for $50,000 less than its original proposal.
 
 
 6
 OHIC's case against St. Paul essentially seeks to determine the proper apportionment of the Hospital's liability between OHIC and St. Paul. The basis of its complaint is that it paid more than its fair share of the settlement because the bulk of the negligence involved in the underlying action occurred during St. Paul's coverage period. OHIC asserted six counts against St. Paul; some were claims of its own and some were on behalf of the Hospital, which had assigned any rights it had against St. Paul to OHIC. The six counts included allegations of bad faith, indemnification, contribution, subrogation, unjust enrichment, and breach of contract.
 
 
 7
 The district court denied St. Paul's first motion for summary judgment, reasoning that there were genuine issues of material fact that would be best resolved at trial. When, however, St. Paul renewed its motion after extensive discovery, the district court granted the motion as to all counts of OHIC's complaint.
 
 II.
 
 8
 Subject matter jurisdiction in this case arises out of diversity of citizenship. 28 U.S.C. § 1332. Under the Erie doctrine, the law of Ohio should be applied in this case, as that is the state in which the court below sits. See Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938). This court reviews de novo the district court's determinations of what Ohio's substantive law is. J.C. Wyckoff & Assoc., Inc. v. Standard Fire Ins. Co., 936 F.2d 1474, 1483 (6th Cir.1991).
 
 
 9
 This court's review of a grant of summary judgment is also de novo. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Under Fed.R.Civ.P. 56(c), summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 10
 We have reviewed the record as a whole and are satisfied that the district court considered all the claims that OHIC advanced and applied the appropriate legal standards. Therefore, for the reasons set forth in Judge Potter's well-reasoned and thorough decision, we AFFIRM.